UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                           **ORDER**
                            Criminal File No. 02-308 (MJD/JGL)

(1) WILLIAM HARRY THOMPSON,

      Defendant.
_____

Nancy E. Brasel, Assistant United States Attorney, Counsel for Plaintiff

William Harry Thompson, pro se.
_____

This matter is before the Court on Defendant William Harry Thompson's Pro Se Motion to Cite Supplemental Authority and Argument. [Docket No. 66]

On April 27, 2009, this Court denied Thompson's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) because Thompson's sentencing range was set by his career offender status; therefore, his sentencing range had not been lowered by the retroactive crack cocaine amendments, and Thompson

1

was not eligible for resentencing. [Docket No. 56] On May 11, 2009, the Eighth Circuit Court of Appeals affirmed this Court's judgment. [Docket No. 60]

Thompson then filed a second motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [Docket No. 62] In that motion, Thompson asserted that the Court should give retroactive effect to Amendment 709 to the Sentencing Guidelines and reconsider his criminal history points. On June 18, 2010, this Court denied Defendant's motion because the Eighth Circuit has held that "Amendment 709 . . . not a covered amendment under § 1B1.10 to which retroactive treatment may be given." United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008).

In the current motion, Defendant requests that the Court consider two additional cases, United States v. Corner, 598 F.3d 411 (7th Cir. 2010), and Johnson v. United States, 130 S. Ct. 1265 (2010); and construe his motion as a motion to renew his previous Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 62] or a motion for reconsideration.

The Court has reviewed the cases cited by Defendant and his additional argument and concludes that its June 18, 2010, Order is correct. The additional cases cited by Defendant have no bearing on the legal issues in this matter.

Defendant also raises the possibility that this Court interpret his motion as a motion for reconsideration of the Court's 2005 denial of his § 2255 habeas petition. The Court will not interpret this motion as another habeas petition, because the motion explicitly and logically relates to Defendant's previous Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 62]. If Defendant seeks to file a successive habeas petition, he must clearly express his intent to do so.

**IT IS HEREBY ORDERED** that:

Defendant William Harry Thompson's Pro Se Motion to Cite Supplemental Authority and Argument [Docket No. 66] is **DENIED**.

Dated: July 12, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court