UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                    ORDER
                                      Crim. No. 02-308 (MJD)

William Harry Thompson,

    Defendant.

---

Michael L. Cheever, Assistant United States Attorney, Counsel for Plaintiff.

Robert Meyers, Assistant Federal Defender, Counsel for Defendant.

---

This matter is before the Court on Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and Section 404 of the First Step Act.

## I.    Background

On February 28, 2003, Defendant pleaded guilty to a one count Indictment which charged possession with intent to distribute 90 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At the time of sentencing, the statute of conviction provided for a sentencing range of 10 years to life in prison. Defendant was also designated a Career Offender, and because the statutory maximum sentence for the crime of conviction was life in prison, § 4B1.1(b)(1) set

1

the base offense level at 37. With a three-level reduction for acceptance of responsibility, his total offense level was determined to be 34, and with a criminal history category of VI, the applicable guideline range was determined to be 262 to 327 months. On May 28, 2004, Defendant was sentenced to a term of imprisonment of 262 months.

## II. Motion to Reduce Sentence

Pursuant to Section 404 of the First Step Act "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 an 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010." Id. The First Step Act is limited to those otherwise eligible defendants whose sentence was not previously imposed or reduced in accordance with sections 2 or 3 of the Fair Sentencing Act of 2010 or if a previous motion to reduce under the First Step Act was denied. Id.

The Fair Sentencing Act of 2010 ("FSA") reduced the mandatory minimum penalties for offenses involving cocaine base by raising the drug quantity thresholds required to trigger a mandatory minimum term of imprisonment. Prior to the FSA, 50 grams or more of cocaine base triggered a mandatory minimum penalty of ten years to life. The FSA raised the drug quantity threshold to 280 grams of cocaine base to trigger the statutory penalty of 10 years to life. Section 2, Pub. L. No. 111-220, 214 Stat. 2372 (2010).

In this case, Defendant was held responsible for approximately 90 grams of cocaine base. Applying the provisions of the FSA, his crime of conviction is now subject to a statutory penalty of five years minimum to 40 years. Because Defendant is a Career Offender as defined in the Sentencing Guidelines, and because the statutory maximum sentence for the crime of conviction is now forty years, § 4B1.1(b)(1) sets the base offense level at 34. With a three-level reduction for acceptance of responsibility, the total offense level is 31, and with a criminal history category VI the applicable guideline range is 188 to 235 months, and the guideline range for supervised release is 4 to 5 years. The parties agree that Defendant is eligible for a sentence reduction under the First Step Act.

Defendant has already served approximately 180 months of his sentence and has earned about 25 months of good conduct credit. Accordingly, Defendant requests that he be sentenced to a term of imprisonment for time served. Defendant further requests that the Court sentence him to a 4-year term of supervised release. The government supports a reduction of Defendant's sentence to time served, but requests the Court stay the motion for two weeks to allow the Bureau of Prisons and the Probation Office time to effectuate a smooth transition for Defendant back to society. The government takes no position on whether the Court should reduce the term of supervised release to four years, but requests the Court modify the conditions of supervised release to include up to four months in a residential re-entry center.

The Court has reviewed the file and the parties' submissions and finds that a sentence reduction to time served is warranted in this case. Such a sentence is in the interests of justice and furthers the purposes for sentencing that are set forth in 18 U.S.C. § 3553(a).

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Sentence Reduction [Doc. No. 84] is GRANTED. Defendant's sentence is reduced to time served.

Defendant is further sentenced to a term of four years supervised release. As a condition of supervised release, Defendant shall reside up to four months in a residential re-entry center. All other provisions of the sentencing judgment dated July 1, 2004, remain unchanged.

Order Date: March 28, 2019

Effective Date: April 11, 2019      s/ Michael J. Davis
                                                           Michael J. Davis
                                                           United States District Court